ANNIE MALMUD, as Executrix, etc., Respondent, v. LILLIAN BLACKMAN, etc., and Another, Appellants, and ATRIN REALTY CO., INC., and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.— Motion for leave to submit certain affidavits for the appeal denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

WILLIAM BRANDT, Appellant, v. ALFRED C. BLUMENTHAL, Respondent.— Order granting defendant's motion for a further bill of particulars modified by disallowing items 2, 8, 13 and 15; by permitting plaintiff, as to items 3(a), 3(b), 3(f1); 3(f2), 3(f3) and 3(g3), to furnish the approximate dates if the exact dates are unknown; by eliminating items 3(c), 3(d) and 3(e) and adopting in place thereof the following: " 3(c-d). State the approximate first date and the approximate last date that plaintiff allegedly brought exhibitors in contact with the defendant, Blumenthal, setting forth the names of the exhibitors that were brought in contact between said dates with the defendant, Blumenthal, as the result of plaintiff's advice, assistance and co-operation; the names of the theatres which said exhibitors represented and their location, giving borough, city and State where the same were located; further state whether the efforts of the plaintiff were oral or in writing, and if in writing furnish true copies of the same. 3(e). State the approximate first date and the approximate last date, the city and State between which the plaintiff allegedly negotiated with the several exhibitors with a view to inducing the said exhibitors to make a transfer of their theatres at a price acceptable to the purchasing company, setting forth whether such negotiations were had orally or in writing in each instance; if in writing, furnish true copies thereof." As so modified the order is affirmed, without costs; the bill of particulars to be served within five days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

BROOKLYN UNITED THEATRE, INC., Respondent, v. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS' UNION OF THE UNITED STATES AND CANADA, Appellants.— Judgment unanimously affirmed, with costs. The picketing of plaintiff's premises by defendants and their agents was not peaceable, but was accompanied by acts of violence and was unlawful in that the pickets carried signs falsely announcing that a strike was in progress in the theatre in question; caused crowds to assemble in front of said theatre, thereby blocking the sidewalk and obstructing the public use thereof; interfered with the patrons of the theatre, and threatened and intimidated people who were about to enter it. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.) Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

GEORGE T. CAULFIELD, Respondent, v. JOSEPH WEIL and HERMAN RAHN, Defendants, and RICHARD FLAUTO, Appellant.— Order granting plaintiff's motion for a preference reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record discloses without dispute that the plaintiff is not a resident of Kings county. He may not, therefore, have a preference granted to him in an action which should have been brought in Queens county, since plaintiff and all the defendants are residents of that county. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.